**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Valerie Martinez, | No. Cv 08-2169-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. |  |
| Safeway Stores, Inc., a Delaware corporation, |  |
| Defendant. |  |

Pending before the Court is Defendant Safeway Stores, Inc.'s Motion for Summary Judgment (Doc. # 27). For the reasons that follow, the court grants in part and denies in part Safeway's motion.

**BACKGROUND**

The material facts are not in dispute and are as follows. In April 2000, Martinez began working in the deli department of a Safeway store in Phoenix, Arizona. Eventually, she began experiencing scheduling issues and she filed a formal grievance with her union over the way the scheduling issues were being handled in the deli department. Martinez alleges that after filing her grievance over the scheduling process, she began experiencing problems with her co-workers in the deli department who were upset with her having filed the grievance.

In addition to the issues arising from her filing a grievance with the union, Martinez also alleges that, starting in April 2007, she was sexually harassed by F. Audon, a co-worker of Martinez in the deli department. Among other things, Martinez alleges that Audon repeatedly asked Martinez out on dates; Audon frequently told Martinez that he wanted to have sexual intercourse with her; Audon told offensive jokes in Martinez's presence; Audon made sexual gestures towards Martinez; and Audon used offensive terms in referring to Martinez. In July 2007, Martinez told her immediate supervisor, S. Richards, that Audon was making her uncomfortable. In response, Richards did not take any corrective action. In approximately August or September 2007, Martinez again complained to Richards concerning Audon's actions. Again, no corrective action was taken by Richards.

In December 2007, Martinez filed a complaint with the union regarding Audon's actions towards her. In January 2008, a union representative contacted a human resources advisor in Safeway's Phoenix division, M. Cannon. The very same day, Cannon met with Martinez and the union representative. In February 2008, Cannon interviewed Audon and suspended him pending the outcome of an investigation into Martinez's allegations. Then, on February 27, 2008, Safeway terminated Audon's employment for violating several store policies, including Safeway's policy on harassment.

In November 2008, Martinez filed her complaint with this Court, alleging five causes of action: 1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); 2) violation of Arizona's Civil Rights Act, A.R.S. § 41-1463; 3) breach of implied contract; 4) breach of good faith and fair dealing; 5) intentional infliction of emotional distress.[1]

**ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

---

[1] Martinez also alleged unlawful retaliation by Safeway as well as a "public policy tort." (Doc. # 11 at p. 6.) In her response to Safeway's motion for summary judgment, however, Martinez concedes these two claims. See Doc. # 32 at p. 13.

genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, "...against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

*Sexual Harassment*

Martinez alleges hostile work environment claims based upon sexual harassment under both Title VII of the Civil Rights Act of 1964 and the Arizona Civil Rights Act.[2] Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

---

[2] Because Arizona courts look to federal jurisprudence in the area of Title VII when interpreting similar provisions in the Arizona Civil Rights Act, the Court's analysis under Title VII is equally applicable to Martinez's claims under the Arizona Civil Rights Act. *See Najar v. State*, 9 P.3d 1084, 1086 (Ariz. Ct. App. 2000).

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "By tolerating sexual harassment against its employees, the employer is deemed to have adversely changed the terms of their employment in violation of Title VII." *Swenson v. Potter*, 271 F.3d 1184, 1191 (9th Cir. 2001) (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).

To prove a hostile work environment claim, plaintiff must demonstrate conduct "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Safeway admits, for the purposes of its motion, that Martinez has demonstrated that she was subjected to a hostile or abusive work environment in violation of Title VII. Nevertheless, Safeway argues that it cannot be held liable for the harassment because it did not know of the harassment and, when Safeway was made aware of the harassment, it promptly addressed it.

"A plaintiff may state a case for harassment against the employer under one of two theories: vicarious liability or negligence. Which route leads to employer liability depends on the identity of the actual harasser, specifically whether he is a supervisor of the employee, or merely a co-worker." *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001) (footnote omitted). If the harasser is a co-worker and not a supervisor, then "the plaintiff must prove that the employer was negligent, *i.e.*[,] that the employer knew or should have known of the harassment but did not take adequate steps to address it." *Id.* In this case, Audon was a co-worker of Martinez. As such, Martinez must demonstrate that Safeway knew or should have known of the harassment but failed to take adequate steps to remedy it.

Martinez argues that she informed Richards–her immediate supervisor–of the harassment in July 2007 and then again in either August or September 2007 and, consequently, Safeway had notice of the harassment and failed to remedy it at that time. Safeway argues that it had a very specific structure in place for reporting harassment, that Martinez was aware of this structure, and that Safeway cannot be held liable for Martinez's

- 4 -

failure to abide by this structure. The Court finds that there is a disputed issue of material fact concerning whether Safeway knew or should have known of the alleged harassment.

Safeway has a written policy regarding sexual harassment in the workplace, a copy of which Martinez received when she began working for Safeway. Specifically, the Safeway "Employee Handbook/Store Policies" states that a person subjected to sexual harassment should immediately report the harassment to "Your Store Manager, Any other Safeway Manager, Your Human Resource Advisor, The Security Hotline, SVP. Corporate Human Resources, VP. Corporate Human Resources." (Doc. # 27, Attachment 1 at p. 114; aka DSOF 16, Ex. I at p. 19.)

Even assuming Martinez was bound to report the harassment within the parameters determined by Safeway in its employee handbook, based upon Martinez's allegations, it appears that she satisfied Safeway's dictates. Martinez alleges that she began experiencing harassment in April 2007. In July 2007, Martinez alleges that she informed Richards about the harassment. In response, Richards took no action to remedy the alleged harassment. Richards, however, is not simply a co-worker of Martinez. Rather, as even Safeway refers to her, Richards was the "Deli Manager" and Martinez's direct supervisor. (Doc. # 27 at p. 8.) Based upon Safeway's own policies, one of the persons an employee being subjected to harassment is directed to report the harassment to is "Any other Safeway Manager." The Court finds that, at a minimum, there is a question of fact concerning whether Richards, whose title was "Deli Manager," was an "Any other Safeway Manager" within the meaning of Safeway's policies.

Moreover, regardless of whether Richards falls under the "Any other Safeway Manager" designation in Safeway's policies, the parties do not dispute that Richards was Martinez's supervisor. Among other things, Richards was responsible for supervising Martinez's day-to-day work, reviewing the quality of Martinez's work, and setting the work schedule of the deli department employees. Based upon Richards' role in the deli department–the only area of the store Martinez was assigned–and Richards' supervisor status within this department, the Court finds that there is a question of fact concerning whether

Safeway had constructive notice of the harassment based upon Martinez's allegations that she informed Richards of the harassment and Richards witnessed some of the alleged acts of harassment. Accordingly, Safeway has failed to demonstrate that it is entitled to judgment as a matter of law and the Court will deny Safeway's motion for summary judgment to the extent it seeks dismissal of Martinez's sexual harassment claims.

*Breach of Contract*

Martinez admits that her employment relationship with Safeway is "at-will." (Doc. # 32 at p. 7.) Nevertheless, Martinez argues that certain requirements contained in Safeway's policy against harassment–*e.g.*, an employee who engages in harassment in the workplace will be disciplined or terminated–became express terms and conditions of an employment contract between the parties. That is, because Martinez is required to abide by the policy or face discipline or termination of her employment, the policy becomes a term of her employment.

"In Arizona, implied-in-fact terms may be found in an employer's policy statements regarding job security or employee disciplinary procedures, such as those contained in personnel manuals or memoranda." *Roberson v. Wal-Mart Stores, Inc.*, 44 P.3d 164, 169 (Ariz. Ct. App. 2002). "Not all employer policy statements, however, create contractual promises." *Id.* Indeed, in Arizona, employers can prevent policy manuals from becoming implied-in-fact terms by including disclaimer statements. *See, e.g., Leikvold v. Valley View Comm. Hosp.*, 688 P.2d 170, 174 (1984), *superseded by* ARIZ. REV. STAT. § 23-1501; *Roberson v. Wal-Mart Stores, Inc.*, 44 P.3d 164, 169(Ariz. Ct. App. 2002); *Duncan v. St. Joseph's Hosp. & Med. Ctr.*, 903 P.2d 1107 (Ariz. Ct. App. 1995); *Thomas v. Garrett Corp.*, 744 F.Supp. 199 (D. Ariz. 1990); *Chambers v. Valley Nat. Bank of Arizona*, 721 F.Supp. 1128 (D. Ariz. 1988).

Martinez does not disagree that Safeway's policies contain disclaimer statements that the policies "do not constitute all or part of the terms of a contract of employment," (Defendant's SOF #'s 14, 24.) and "[t]he Store Policies are not intended to create any contractual rights or obligations . . . ." (*Id.* at ¶ 20.) Moreover, Martinez fails to respond to

- 6 -

Safeway's argument that the disclaimer statements contained in its policies precludes the policies from becoming part of an employment contract. In any event, based upon controlling Arizona law, and the absence of any Arizona cases refusing to uphold such disclaimer statements, Safeway's policies and handbooks are not a part of the employment contract between Safeway and Martinez. Accordingly, Safeway is entitled to summary judgment on Martinez's claim that Safeway is in breach of contract for violating its policies governing harassment.

*Breach of Good Faith and Fair Dealing*

Martinez argues that Safeway violated the covenant of good faith and fair dealing by breaching its promise to protect Martinez from the type of harassment perpetuated by Audon. However, Martinez admits that her claim for breach of good faith and fair dealing "is tied to" her claim for breach of contract. (Doc. # 32 at p. 9.) Indeed, there can be no breach of good faith and fair dealing to perform a particular promise when the promise was never made. Because the Court has already determined that the statements contained in Safeway's policies are not terms of an employment contract between Martinez and Safeway, Safeway cannot be held liable for a breach of good faith and fair dealing of these policies. *See Rawlings v. Apodaca*, 726 P.2d 565, 570 (Ariz. 1986) (stating that covenant of good faith and fair dealing only requires parties to "refrain from any action which would impair the benefits which the other had the right to expect from the contract or the contractual relationship."); *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1039 (Ariz. 1985) (stating that in the good faith and fair dealing context, "the relevant inquiry always will focus on the contract itself, to determine what the parties did agree to."), *superseded in other respects by* ARIZ. REV. STAT. § 23- 1501 (1996).

*Intentional Infliction of Emotional Distress*

To prevail on the claim of intentional infliction of emotional distress, Martinez must show that Safeway's conduct was extreme and outrageous, that Safeway either intended to cause emotional distress or recklessly disregarded the near certainty that emotional distress would result, and that Safeway's conduct actually caused severe emotional distress. *Ford*

1 *v. Revlon*, 734 P.2d 580, 585 (Ariz. 1987). Extreme and outrageous conduct is "conduct that
2 an average member of the community would regard as atrocious and beyond all possible
3 bounds of decency." *Id*. The Court must make a preliminary determination whether
4 Safeway's conduct may be considered so outrageous and extreme as to permit recovery.
5 *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995). This issue
6 may only be sent to the jury where "reasonable minds may differ." *Nelson v. Phoenix Resort
7 Corp.*, 888 P.2d 1375, 1386 (Ariz. Ct. App. 1995) (quoting RESTATEMENT (SECOND) OF
8 TORTS § 46). Even if Safeway's conduct was unjustified, "it does not necessarily rise to the
9 level of 'atrocious' and 'beyond all bounds of decency'" to allow recovery under a claim of
10 intentional infliction of emotional distress. *Nelson*, 888 P.2d at 1386 (quoting *Ford*, 734 P.2d
11 at 585). "Major outrage is essential to the tort; and the mere fact that the actor knows that
12 the other will regard the conduct as insulting, or will have his feelings hurt, is not enough."
13 RESTATEMENT (SECOND) OF TORTS § 46 cmt. f.

14 Martinez bases her claim for intentional infliction of emotional distress upon her co-
15 worker's reactions towards her after she filed a grievance with the union over scheduling
16 issues. The co-worker's actions include: yelling at Martinez; the throwing of a box; a raw
17 chicken being "slammed down," resulting in a splash to Martinez's face; Richards giving a
18 negative review of Martinez; Richards calling Martinez a liar and telling Martinez that she
19 needed to work on personal maintenance issues; preferential treatment of favorites within the
20 deli department over Martinez; and the store manager siding with Richards over scheduling
21 issues . Martinez argues that this conduct was extreme and outrageous and was intentionally
22 performed by Safeway through its employees. Considering the "extremely high burden of
23 proof for demonstrating intentional infliction of emotional distress," the Court disagrees. *See*
24 *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 747 (9th Cir. 2004).

25 Even assuming Safeway is responsible for the actions of Martinez's co-workers, the
26 conduct Martinez complains of, as a matter of law, does not arise to the level of extreme and
27 outrageous. While the conduct of Martinez's co-workers may be improper or unjustified, the
28 Court cannot conclude that reasonable minds could find that the alleged conduct was

1 | outrageous, atrocious, or beyond all possible bounds of decency. "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Mintz*, 905 P.2d at 563 (quoting *Cox v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir. 1988), *cert. denied,* 498 U.S. 811 (1990)). Accordingly, the Court will grant Safeway's motion for summary judgment to the extent it seeks dismissal of Martinez's intentional infliction of emotional distress claim.

**CONCLUSION**

Based upon the foregoing, the Court finds that there are genuine issues of material fact precluding summary judgment with respect to Martinez's claims for sexual harassment under Counts I and II. With respect to Martinez's remaining counts, however, the Court finds that summary judgment is appropriate.

Accordingly,

**IT IS ORDERED** that Defendant Safeway Stores, Inc.'s Motion for Summary Judgment (Doc. # 27) is granted in part and denied in part consistent with this motion.

DATED this 2nd day of November, 2009.

_____
James A. Teilborg
United States District Judge